---

## Appeal of WILLIAM J. CONLEN.            Docket No. 815.

Capital stock of a corporation received by an individual in 1920 as compensation for services rendered is subject to tax as income on the basis of the fair market value of such stock.

Submitted January 28, 1925; decided January 31, 1925.

William J. Conlen, the taxpayer, in his own behalf.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal is taken from a deficiency in the amount of $3,021.60, determined by the Commissioner for the calendar year 1920, and presents the question of whether capital stock of a corporation received by an individual is taxable as income on the basis of the par value of the stock or upon its fair market value. The Commissioner computed the tax on the basis of the par value of the stock. The taxpayer did not appear at the hearing. From the Commissioner's answer and from stipulations filed, the Board makes the following

### FINDINGS OF FACT.

The taxpayer is an individual residing at Merion, Pa. In 1920, he received as compensation for legal services stock in Chas. Cory & Son, Inc., a Delaware corporation, as follows:

150 shares of class B preferred stock, par value_____ $100. 00
 26 shares of class A preferred stock, par value_____   10. 00

This stock was not included as income in the taxpayer's income-tax return for 1920.

The 150 shares of class B preferred stock, par value $100, have a fair market value of $53 per share, or a total fair market value of $7,950. The 26 shares of class A preferred stock, par value $10, have a fair market value of $130 per share, or a total fair market value of $3,380.

### DECISION.

The deficiency determined by the Commissioner is approved in part and disapproved in part. The tax will be recomputed on the basis of the fair market value of the capital stock in accordance with the above findings and the amount of the deficiency will be finally settled on consent or 10 days' notice in accordance with Rule 50.